AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

DISTRICT OF __MASSACHUSETTS__

UNITED STATES OF AMERICA

V.

SAMUEL REYES
DOB: 11/22/69

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

CASE NUMBER: CC-M00105-LPC

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __July 23, 2000__ in __Suffolk__ county, in the District of __Massachusetts__ defendant(s) did, (Track Statutory Language of Offense)

knowingly engage in sexual contact with another person in circumstances that would have violated Title 18, United States Code, Section 2241, if the sexual contact had been a sexual act

in violation of Title __18__ United States Code, Section(s) __2244(a)(1)__.

I further state that I am a(n) __Special Agent, FBI__ and that this complaint is based on the following
Official Title
facts:

see attached affidavit of David F. Donahue

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

_____
Signature of Complainant
DAVID F. DONAHUE

Sworn to before me and subscribed in my presence,

_____ at __Boston, MA__
Date                                                                 City and State

LAWRENCE P. COHEN
UNITED STATES MAGISTRATE JUDGE
Name & Title of Judicial Officer                       Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

AFFIDAVIT

I David F. Donahue, being duly sworn to hereby depose in state as follows:

1. I am employed as a Special Agent of the Federal Bureau of Investigation and have been so employed for approximately thirteen years. I am currently assigned to Squad C-6, Boston Field Office, and have been so assigned since 1997. Part of my responsibilities on Squad C-6, which is responsible for the investigation of violent crimes, is the investigation of crimes committed on the high seas.

2. I am aware the Title 18, United States Code, Section 7, establishes jurisdiction for the enforcement of certain criminal laws of the United States within the "special maritime jurisdiction of the United States," by defining that term to include, in part, as follows:

> The high seas, any other waters within the admiralty and maritime jurisdiction of the United States and out of the jurisdiction of any particular State, and any vessel belonging in whole or in part to the United States or any citizen thereof, or to any corporation created by or under the laws of the United States, or of any State, Territory, District, or possession thereof, when such vessel is within the admiralty and maritime jurisdiction of the United States and out of the jurisdiction of any particular State.

3. I am also aware that Title 18, United States Code, Section 113, makes it a federal crime and establishes penalties for certain assaults which occur within the special maritime jurisdiction of the United States. Section 113 specifically exempts from its reach assaults with intent to

1

commit any felony which constitutes a violation of Chapter 109A of Title 18 (Sexual Abuse), which contains its own provisions for unlawful conduct occurring within the special maritime jurisdiction of the United States.

4. Section 2241 of Chapter 109A of Title 18 of the United States Code, provides in pertinent part: "Whoever, in the special maritime jurisdiction of the United States, knowingly causes another person to engage in a sexual act (1) by using force against that other person, or attempts to do so, shall [be guilty of a crime]." "Sexual act" is defined in Title 18, United States Code, Section 2246(2) as including genital-genital intercourse, genital anal intercourse, oral-genital intercourse, and digital (or other object) penetration.

5. "Sexual contact" is defined in Title 18 United States Code, section 2246(3) to mean: "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." Title 18 United States Code, Section 2244 makes it a crime within the special maritime jurisdiction of the United States to: "knowingly engage[] in or cause[] sexual contact with or by another person, if so to do, would violate (1) section 2241 . . . had the sexual contact been a sexual act."

6. I submit this Affidavit in support of a criminal complaint charging SAMUEL REYES ("REYES") with

knowingly engaging, within the special maritime jurisdiction of the United States, in sexual contact with another person in circumstances that would have violated Title 18, United States Code, Section 2241, if the sexual contact had been a sexual act, as those terms are defined in Title 18, United States Code, Sections 2246(2) and (3).

7. I submit this Affidavit based upon my own investigation as well as upon information obtained from others who investigated the matter or who had personal knowledge of the facts therein. Since this Affidavit is being submitted for the limited purpose of securing a criminal complaint, your affiant has not included each and every fact known to him concerning this investigation.

## FACTS AND CIRCUMSTANCES

8. The cruise ship "Seabreeze" is a flag ship of Panama, owned and operated by Premier Cruise Lines, a corporation under the laws of Bermuda. It currently offers cruises out of Boston, Massachusetts, leaving on Friday afternoon and returning on Sunday morning. The cruises originate in Boston, and involve no port of destination. Rather, the "Seabreeze" cruises out into the Atlantic Ocean, as many as 50 miles from the coast of the United States, before returning to Boston.

9. On Sunday, July 23, 2000, at approximately 2:30 a.m., the "Seabreeze" was located in the Atlantic Ocean, approximately 24 miles from the coast of the United States, a location I know to be within the special maritime jurisdiction of the United States, as that term is defined in

1  18 U.S.C. §7(1). At that time, REYES was employed as a
2  cleaner aboard the "Seabreeze." Aboard the "Seabreeze" at
3  that time was a female passenger that will be referred to
4  hereafter as JANE DOE.
5      10. I have spoken to JANE DOE since the night of
6  July 23, 2000, and she informed me of the following:

    a.    She was en route alone to the Seabreeze Disco at approximately 2:00-2:30. a.m., when she became lost on board the ship. She asked two crew members directions to the Disco and one of the crew members, later identified as SAMUEL REYES, advised her to follow him.

    b.    REYES brought her to a dead end passageway on board the ship and grabbed her arms. REYES pushed her up against the wall and began to pull her shirt and bra up and away from her chest. While he kept her forced against the wall, REYES began kissing her neck and breasts and attempted to unbuckle her pants.

    c.    REYES then pulled out a ring of keys from his pocket, and while holding on to her, tried unsuccessfully to open a door to a nearby locked cabin.

    d.    Unknown individuals were then heard conversing down the hallway of the ship. The conversations startled REYES, and

4

       she was able to break away from him at this time.

   e. The sexual contact forced upon her was against her will. During the attack she repeatedly demanded that REYES let her go.

   f. She immediately reported the attack to a crew member of the "Seabreeze."

   g. REYES was subsequently identified as the perpetrator of the attack when she recognized him later that evening in the Disco and pointed him out to ship officials.

  11. Crew members of the "Seabreeze" advised your affiant that upon docking at Boston, Massachusetts on July 23, 2000, REYES, who had been kept under house arrest in a cabin during the reminder of the cruise, was fired by Premier Cruise Lines.

  12. For the reasons set forth above, I believe probable cause exists to conclude that on July 23, 2000, SAMUEL REYES did, within the special maritime jurisdiction of the United States, knowingly engage in sexual contact with another person in circumstances that would have violated Title 18, United States Code, Section 2241, if the sexual

5

contact had been a sexual act, as those terms are defined in Title 18, United States Code, Sections 2246(2) and (3), in violation of 18 U.S.C. §2244(a)(1).

David F. Donahue
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me this 29th day of August, 2000.

LAWRENCE P. COHEN
United States Magistrate Judge